THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANGEL A. ACEVEDO PÉREZ, Defendant and Appellant.

No. Cr–62–61.   Decided March 5, 1963.

*Luis Raúl Cruz Jiménez* for appellant.   *J. B. Fernández Badillo, Solicitor General,* and *Jenaro Marchand, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM.

Appellant was found guilty of violation of § 77 of the Spirits and Alcoholic Beverages Act in that on December 12, 1959 he had in his possession two containers containing approximately two gallons of cane rum... without the corresponding internal-revenue stamps being affixed thereto. It was alleged that defendant was a subsequent offender and that prior thereto he had been found guilty of violations of that Act in 1953 and 1957, having served two and seven month's imprisonment in jail, respectively. On appeal, he assigns three errors: (1) That the material proof, the two gallons of rum, was unduly admitted in evidence because defendant was illegally arrested and searched since he had not committed any offense; (2) That he was found guilty and sentenced without the district attorney nor the defense having submitted the case; and (3) That the police officer who testified that the two gallons presented in evidence contained cane rum rested on the smell and taste of the contents without being an expert to reach such conclusion and without there being a chemical analysis.

Inverting the order, we say that the third error was not committed. The offense consisted in possessing an alcoholic beverage without the corresponding internal-revenue stamps being affixed thereto. It is not necessary to have the delicate sense of a liquor taster to perceive the typical and pungent odor and flavor of the cane rum produced in this country. Cf. People v. Román, 33 P.R.R. 600; People v. Montañez, 54 P.R.R. 810, 820. Neither was the second error committed. The judgment in the record states that the case was submitted. From the transcript of the record it appears that after arguing appellant's motion not to admit the rum in evidence on the ground that an illegal search had been perpetrated, the defense as well as the district attorney moved the judge to acquit him on that ground. The judge was not agreeable and stated after the discussion: "After

admitting the evidence, the colleague *insisting* that defendant ought to be acquitted, in which the district attorney acquiesced, and the court not being agreeable with the opinion of the attorney nor of the district attorney, finds defendant guilty and sentences him to serve thirteen months' imprisonment in jail." Apparently the defense relied on the question of law as to the admission of the rum and at no time offered evidence despite the judge's statements. The trial court's statement that the case had been submitted for its consideration is compatible with the record.

■ As to the first error assigned, the situation was as follows: Two policemen were riding in an automobile and saw the defendant. One of them, Pedro Serrano Torres, testified that defendant was standing beside two bottles of rum in a bag, and that when he asked him he said that he had some rum there, cane rum, two gallons. According to the witness, he was about five feet away from the bag. "I asked him about that rum and then I opened up the rum and saw that it was cane rum. 'What about that rum there?', and he told me that he had it there, that he was expecting someone, and he had it beside him. He put it to one side and walked forward." At the district attorney's request, the witness tasted the rum in court and said that it was cane rum and that the internal-revenue stamps were not affixed to the containers.

Upon examination by the defense and the district attorney, he continued testifying that he saw the defendant coming down and that when the latter saw them he put the rum down; that the gallons were covered inside the bag; when he saw them the man dashed out running and moved away and put the bag down; he saw the man holding the bag in his hands and then put it down; he put the package down and moved forward; defendant told him that that was a bag which he had there, and since it contained rum he submitted the case to the judge.

The other police officer testified that he saw the defendant on the river bank and that about six feet from him there was a bag, a suspicious-looking parcel, and he asked Serrano to see what it contained and that he found two gallons of cane rum. He said that defendant had not said anything to him. Upon questioning by the judge, he stated that he suspected by the attitude of the person who was carrying the bag; the parcel seemed suspicious because he thought that it contained some contraband and the man seemed nervous looking in all directions.

The rum was offered in evidence and defendant objected, to which the district attorney acquiesced immediately for the reason that there had been an illegal search. The trial court held a different view and, in our opinion, there was basis in the record for its conclusion. The evidence which was apparently believed by the judge does not show that a *search* was made on the person of appellant, in the constitutional sense. It is true that defendant was carrying the bag, but both officers said that he put it down and that it was about five or six feet away from defendant when it was examined.

According to the second policeman's testimony, the case would be very similar and possibly we would decide the same under the doctrine laid down in *People* v. *Nieves*, 67 P.R.R. 283. But the first policeman said something more. He testified that defendant told him that there was rum in the bag, and naive as it may seem, the trial court gave it credit; and if it was believed, an arrest and search was warranted. *Cf. People* v. *Vargas*, 80 P.R.R. 285; *People* v. *Vázquez*, Judgment of May 21, 1962. The judgment appealed from will be affirmed.